TAMPA THEATRE CORPORATION v. TAMPA THEATRE BUILDINGS, INC.

196 So. 424

Division B

Opinion Filed April 16, 1940

Rehearing Denied *En Banc,* June 4, 1940

*Adair, Kent, Ashby & McNatt, Fred H. Kent* and *Clarence G. Ashby,* for Appellant;

*McKay, Macfarlane, Jackson & Ferguson,* for Appellee.

Per Curiam.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and decreed by the Court that the said decree of the circuit court be, and the same is hereby, affirmed.

Affirmed.

Whitfield, P. J., and Brown and Chapman, J. J., concur.

Terrell, C. J., concurs in opinion and judgment.

Justices Buford and Thomas not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## On Petition for Rehearing

Per Curiam.—The contract here involved is dated November 17, 1935, and contains the following:

"The Lessor in consideration of the rents herein reserved and the terms, covenants and conditions herein contained and expressed on the part of the Lessee to be kept, performed and fulfilled, does hereby demise, lease and let unto the Lessee certain described property, real and personal, located in the City of Tampa, Hillsborough County, Florida."

## "Article III

"To Have and To Hold the premises, all and singular, hereby demised unto the said Lessee, its successors and assigns, for the full term of twenty (20) years from and after the 4th day of December, 1933.

## "Article IV

"The Lessee shall pay during said term the rent reserved as follows:

First 2 years_____$27,500.00 per year
Next 2 years_____ 28,500.00 " "
Next 2 years_____ 29,500.00 " "
Next 4 years_____ 30,000.00 " "
Next 10 years_____ 32,000.00 " "

throughout said period. As additional rent, when and if arising, the Lessee will pay annually the additional sum provided for in Article VI (f) hereinafter."

## "Article VI

"(f) As and for additional rental for the leased premises and personal property, Lessee agrees to pay within thirty (30) days from the end of each calendar year—excluding the fractional years at the beginning and close of this term—the amount by which 12½% of its gross receipts realized from the operation of moving and talking pictures in said Tampa Theatre exceeds the rental herein reserved for such calendar years. Such percentage shall be computed at the close of each calendar year and such surplus shall be paid by Lessee within thirty (30) days thereafter. Lessee will furnish to Lessor quarterly statements of such gross receipts. There shall be eliminated and not considered as a part of said gross receipts the following:

"The portion of the receipts on road shows when playing on percentage basis that is paid to said road shows, or if such road shows play for a stated sum, then the stated sum so paid, shall be deducted before computing the 12½%. Whenever any added attraction other than moving pictures, including sound pictures, are played in order to increase the receipts such as vaudeville, unit shows, presentations,

then the cost and expenses to the Theatre of these added attractions are to be deducted before computing the 12½%."

The words "any added attraction other than moving pictures, including sound pictures, are played in order to increase the receipts" contained in the last above quoted paragraph, when considered with the entire contract are intended to qualify or limit the classes of such "added attractions" to "such as vaudeville, unit shows, presentations," and "such added attractions," do not include the "plans or schemes" called "Bank Nights," "Screeno" or "Question Box," as such latter quoted three "plans or schemes" are defined or described in the pleadings in this cause; therefore the cost and expenses to the theatre of such "Bank Nights," "Screeno" and "Question Box" should not "be deducted before computing the 12½%" of gross receipts to be paid as "additional rental" under the contract.

As "Bank Nights," "Screeno," "Question Box" are not "added attractions, *such as vaudeville, unit shows, presentations,*" 12½% of the gross receipts resulting from the operation of moving or talking pictures in said Tampa Theatre" constitute a part of the "additional rental for the leased premises and personal property," as provided for the lease contract.

Rehearing denied.

Terrell, C. J., Whitfield, P. J., Brown, Buford, Chapman and Thomas, J. J., concur.